Harper, J.
delivered the opinion of the Court.
■ It is argued, that the word “ penalty,” as used in the act of 1748, is an unambiguous one, and includes every punishment, even that of death, as well as pecuniary forfeiture. But in the act of 1712, it is plain, that the word was used only in the latter sense. And it is a rule, that in construing statutes on the same subject, they shall be taken together, and construed in pari materia; even though there be no express reference by the latter statute to the former. The Legislature in the former act, explains, clearly, that by the word “penalty,” is meant only pecuniary fine, or forfeiture; and in legislating on the same subject, we may conclude that the word was used in the same sense. It is asked, for what purpose then, is the act of 1748, made retrospective, since the bar of the aet of 1712 applied to all acts imposing penalties, which were of force at the time of its passage t It may be a sufficient answer to say, that the act of 1712, applies only to the recovery of fines and penalties, 5‘by civil process, by action of debt, plaint, or information” *557 The act of 1748 extends the bar to prosecutions, or indictments, which were not included in the former act. Besides, there may have been statutes, imposing pecuniary penalties, passed in the interval between the act of 1712 and that of 1748, for which it was necessary to provide.
I do not know how it can be said that the word “ penalty” relates unequivocally to every punishment, when it is plain, that the Legislature, in one statute, at least, has used the word to signify no more than fine. In the largest sense, the word may certainly be said to extend to every punishment. But I think there is a more restricted and popular sense, in which it is taken to signify pecuniary forfeiture, as distinguished from punishment. There are civil penalties, as of a bond, which are only pecuniary forfeitures. It strikes me that when the words “ penalty of death,” are used, they are understood in a somewhat figurative sense, to signify the forfeiture of life. It is less usual to say the penalty of imprisonment,or the penalty of whipping. Inclining to the construction I have given, I think it is confirmed by the title of the act of 1748, which is to limit a time for the recovery of fines and forfeitures.
We concur with the presiding Judge, that the bar of tlie statute applies only to the fine, and not to the offence itself, or to any corporal punishment inflicted by a statute.
Motion refused.